IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EILEEN A. GONZALES,

        Plaintiff,

v.                              No. CIV 10-264 LFG

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

        Defendant.

## ORDER AUTHORIZING FEES

THIS MATTER is before the Court on Plaintiff Eileen A. Gonzales's ("Plaintiff") Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum, filed December 20, 2011. [Doc. 25.] Plaintiff's attorney requests an Order authorizing fees in the amount of $8,100.54 for legal services rendered before this Court. Defendant Commissioner ("Commissioner") filed a response, stating it declines to assert a position on the reasonableness of Plaintiff's request, as [the Commissioner] is not the true party in interest. [Doc. 26.] While the Commissioner neither objects to nor agrees with the request for fees, he contends that this court is obligated to act as an "independent check" on the reasonableness of fee requests brought under 42 U.S.C. § 406(b)(1).

After careful consideration of the pertinent law and the parties' briefing with attachments [Doc. Nos. 25, 26, 27], the Court concludes that Plaintiff's fee request in the amount of $8,100.54 is reasonable and should be authorized.

**Background**

On March 23, 2010, Plaintiff brought her complaint against the Social Security Administration. [Doc. 1.] On August 10, 2010, she filed a timely and thorough 16-page motion to remand to the agency for a rehearing. [Doc. 14.] On October 21, 2010, after obtaining an extension, the Commissioner filed an unopposed motion for entry of judgment reversing and remanding the case for further administrative proceedings. [Doc. 18.] On October 29, 2010, the Court remanded this matter. [Doc. 19.]

In April 2011, the ALJ held a supplemental hearing. On May 11, 2011, the Commissioner issued a final administrative decision that was favorable to Gonzales. [Doc. 25, Ex. A.] On December 5, 2011, the Commissioner advised Gonzales and her attorney that it had withheld $11,456.25 from the Title II back benefits and that $2,644.29 was withheld from past due SSI benefits of $10,577.16, pending an award of attorney fees.

The Commissioner paid Plaintiff's counsel approximately $6,000.00 from the withheld back benefits in relation to administrative services only. This award is separate from this request for legal services in the United States District Court. Plaintiff's counsel stated that it would refund to Gonzales the EAJA fees in the amount of $3,894.00, less certain costs, with the award of fees under § 406(b)(1).

The fee request of $8,100.54 for attorney services rendered in this Court represents 21.2 hours of attorney's work and 2.3 hours of administrative work. [Doc. 25, Martone Affidavit.]

**Applicable Legal Standard**

In <u>Wrenn v. Astrue</u>, 525 F.3d 931, 932 (10th Cir. 1008), the Tenth Circuit Court of Appeals discussed fee awards for representation of social security claimants. The Court stated, in part:

> Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."

Id. (*citing* Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered, and the amount of such fees may not exceed 25 percent of past-due benefits. Gisbrecht, 535 U.S. at 793.

In Gisbrecht, the United States Supreme Court further observed that "Congress provided for 'a reasonable fee, not in excess of 25 percent of accrued benefits . . . ." Id. at 804-05. Title 42 U.S.C. § 406(b)(1) specifically states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, no in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The Supreme Court further held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807. Instead, the statutory provision "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. If, upon review, the court determines the claimant's attorney provided substandard representation, or if the benefits are large in comparison to the amount of time counsel spent on the case, the Court may reduce the fee request. Id. at 808 (citations omitted).

Here, there was a "fee agreement" between Plaintiff's counsel and Plaintiff that provides for payment of fees up to 25% of the past-due benefits if the case was successful. [Doc. 25, "Fee Agreement."] Gonzales was successful in her claim for benefits. The request for $8,100.54 in

3

attorney fees does not exceed the limit of 25% of the back benefits granted to Gonzales, in the amount of $56,402.16. [Doc. 27, p. 2.]

Plaintiff's counsel recorded about 17.5 hours in preparing the opening brief that resulted in the Commissioner's decision to remand the case for additional administrative proceedings.  The Court finds that 17.5 hours is reasonable in preparing an opening brief that also requires a thorough review of a related administrative record.  The remaining four or five hours of attorney and administrative work are also reasonable.

Plaintiff's representation was professional and competent.  This is particularly true where Plaintiff's counsel was successful and where the case moved through the United States District Court process relatively quickly.  Plaintiff's attorneys have significant expertise and experience in this area of law, which are reflected by their success in this case.

Based on the Court's review of the pleadings and attachments, including Plaintiff's counsel's affidavit, the Court concludes that Plaintiff's counsel satisfied the burden to demonstrate that the fee request is reasonable and should be authorized.  Moreover, the Commissioner did not challenge any particular aspect of the fee request other than to ask the Court to conduct an "independent check" of the request, which the Court did.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Order Authorizing Attorney Fees [Doc. 25] is GRANTED, and the Court authorizes attorney fees in the amount of $8,100.54 for legal services rendered before this Court.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge